# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CYNTHIA A. LEIGHTY,<br>　　　　　Plaintiff,<br><br>　　　　　v<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>　　　　　Defendant. | )<br>)<br>)<br>)　2:10-cv-1022<br>)<br>)<br>)<br>) |

## MEMORANDUM ORDER

Pending before the Court is DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) (Document No. 25). Plaintiff Cynthia A. Leighty ("Leighty") has filed a response in opposition to the motion and it is ripe for disposition.

Factual and Procedural History

As more fully set forth in the Memorandum Opinion and Order of Court dated October 31, 2011 (the "October 31 Opinion"), the primary issue in this Social Security Act case was myofascial pain, a condition which is capable of producing disabling pain without objectively verifiable physical manifestations. Leighty filed a claim for DIB benefits on February 10, 2006, with an alleged onset date for her disability of July 15, 2003 (over eight years ago). Her last date insured was June 30, 2007, such that she had to establish disability on or before that date in order to be entitled to a period of benefits.

The Commissioner initially denied Leighty's claim for benefits in September 2006, and the hearing before the ALJ occurred in September 2007. The Appeals Council did not decline her request for review until February 2010. Leighty then appealed to this Court and the parties'

1

cross-motions for summary judgment were initially referred to United States Magistrate Judge Maureen P. Kelly.

On October 3, 2011, Magistrate Judge Kelly filed a Report and Recommendation ("R & R") which recommended that the ALJ's decision to deny benefits be reversed and that: (1) Leighty's motion be granted; (2) the Commissioner's motion be denied; and (3) the matter be remanded for the sole purpose of calculating the disability insurance benefits to be awarded to Leighty. The Commissioner filed timely objections. In the October 31 Opinion, the Court concluded that Defendant's objections were without merit and adopted the R&R as the opinion of the Court.

Standard of Review

Defendant seeks reconsideration of the October 31 Opinion. It is well-established that Defendant must overcome a difficult burden to succeed in such a motion. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou–Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id*. Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for losing parties to ask the Court to rethink its decision.

Discussion

Defendant does not contend, in this motion, that the ALJ's decision to deny DIB benefits was supported by substantial evidence. The sole issue now presented by the Commissioner is that the case should have been remanded for further consideration rather than for an award of benefits. The Commissioner raised this same contention in its Objections to the R & R. *See* Document No. 21at pp. 16-18. In the October 31 Opinion, the Court rejected the Commissioner's argument, reasoning as follows:

> Once a determination has been reached that the decision of the Commissioner is not based on substantial evidence, the Court has discretion to decide whether to remand for further reconsideration or to award benefits. *Rieder v. Apfel*, 115 F. Supp.2d 496, 506 (M.D. Pa. 2000) (citation omitted). The Court will adopt the Magistrate Judge's recommendation that an award of benefits is appropriate under the facts and circumstances of this case.

Defendant has not presented any new evidence or change in controlling law. Defendant has fallen far short of demonstrating that the Court committed a "clear error in law" because it has not even attempted to distinguish *Rieder* (and the cases cited therein). Defendant is certainly entitled to pursue its legal theory on direct appeal to the Court of Appeals for the Third Circuit, but its present legal argument is not a proper basis for a motion for reconsideration.

In conclusion, DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 59(e) (Document No. 25) is **DENIED**.

SO ORDERED this 5th day of December, 2011.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **Karl E. Osterhout, Esquire**
Email: karl@keolaw.com

**Albert Schollaert, AUSA**
Email: albert.schollaert@usdoj.gov